UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-765-H

ROBERT DAVID MARSCH                                                                PLAINTIFF

v.

KENTUCKY PAROLE BOARD, et al.                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Robert David Marsch, *pro se*, seeks legal and equitable relief under 42 U.S.C. § 1983 against several government defendants for the denial of state parole. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), because this action lies exclusively within the Court's federal habeas corpus jurisdiction.

### I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

**II.**

Plaintiff is serving a life sentence on a state conviction of murder and arson. After his third and final parole hearing in December 2004, the state parole board directed Plaintiff to serve out the length of his sentence. In this complaint, Plaintiff seeks damages and a new parole hearing on the allegation that the parole board members violated his due process rights by basing its decision on false evidence, which is described in the complaint.[1] Plaintiff alleges parole officials failed to give him notice that such evidence would be used against him.

Plaintiff names as Defendants the Kentucky State Parole Board (and Commonwealth of Kentucky) and three of its members, in their individual and official capacities: John Coy; Robert Milburn; and Theodore Kuster. Plaintiff also names as Defendants the former and current Attorneys General of the United States, in their individual and official capacities, on the basis of federal funding provided to the states for "truth-in-sentencing laws" and "correctional policies and programs." Plaintiff characterizes the federal funding as "bribes" and alleges Defendants deprived him of due process by influencing the parole board's decision with federal funding.

**III.**

The due process violations Plaintiff alleges do not constitute cognizable claims under § 1983. A § 1983 action is not an appropriate vehicle for challenging, directly or indirectly, the validity of a prisoner's confinement, as a result of conviction, disciplinary hearing, or denial of parole, regardless whether the plaintiff seeks monetary or injunctive relief. *Heck v. Humphrey*,

---

[1] Plaintiff also challenges the parole denial in a federal habeas corpus action. *Marsch v. Commonwealth*, et al., 3:05-CV-288-H. This Court transferred the petition to the United States Court of Appeals for the Sixth Circuit, on August 24, 2005, for certification of a second or successive habeas petition pursuant to 28 U.S.C. § 2253. Only after certification may the district court reach the merits of a habeas petition.

2

512 U.S. 477, 486 (1994); *Noel v. Grzesiak*, unpublished disposition, 2004 WL 953805 (6th Cir. Apr. 27, 2004) (upholding dismissal of complaint challenging parole denial and citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). If success in a § 1983 action would necessarily demonstrate the invalidity of confinement or its duration, a state prisoner's § 1983 is barred unless previously invalidated by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff does not attack the procedures themselves but seeks a new parole hearing because, he alleges, the parole board reached the wrong result on the basis of false evidence. A new parole hearing is an indirect request for immediate or speedier release available only through a federal writ of habeas corpus. The claim that the parole denial occurred because federal officials "bribed" state officials, likewise, challenges the validity of the parole board's action. Plaintiff has not alleged, much less established, that his parole denial has been reversed on direct appeal, declared invalid, or otherwise called into question in a writ of habeas corpus, as required by *Heck*. Until he can do so, a damages action is premature and a writ of habeas corpus provides the exclusive federal court remedy for the alleged constitutional violations.

Therefore by separate order, the Court will dismiss the complaint without prejudice.

Dated:

cc: Plaintiff, *pro se*

4412.007